11-4860 (L)
United States v. Ortiz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand thirteen.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges,
          JOHN F. KEENAN,
                    District Judge.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

                                              11-4860 (L)
          -v.-                                11-4931 (CON)
                                              11-5221 (CON)

EDILBERTO BERRIO ORTIZ, AKA El Gavilan,
ALEJANDRO PALACIOS RENGIFO, AKA El Gato,
AKA Yimi, ANDERSON CHAMAPURO DOGIRAMA, AKA
El Tigre, AKA Dairon,
          Defendants-Appellants,

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

LUIS FERNANDO MORA PESTANA, AKA Dr.
Silver, JULIO ENRIQUE LEMOS-MORENO,
CARLITOS LNU, ALEXIS LNU, AKA Alexi, FNU
LNU, AKA El Indio, ROQUE OROBIO LOBON, AKA
Roque Orobio Tobon, AKA Mello, AKA
Tachuela,
                    Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR APPELLEE: | REBECCA MONCK RICIGLIANO (Jeffrey A. Brown, Brent S. Wible, Assistant United States Attorneys, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT ALEJANDRO PALACIOS RENGIFO: | BETH M. FARBER (Hoonpyo Lee, on the brief), Law Offices of Beth Farber, New York, New York. |
| FOR DEFENDANT-APPELLANT EDILBERTO BERRIO ORTIZ: | MARLON G. KIRTON, Marlon G. Kirton, P.C., New York, New York. |
| FOR DEFENDANT-APPELLANT ANDERSON CHAMAPURO DOGIRAMA: | KAFAHNI NKRUMAH, Law Office of Kafahni Nkrumah L.L.P., New York, New York. |

      Appeal from the United States District Court for the Southern District of New York (Rakoff, J.).

      **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

      Defendants-appellants Edilberto Berrio Ortiz, Alejandro Palacios Rengifo, and Anderson Chamapuro Dogirama, members of the 57th Front of the Fuerzas Armadas Revolucionarias

---

** The Clerk of the Court is directed to change the caption to conform to the above.

de Colombia ("FARC"), held a U.S. citizen captive for approximately ten months. After defendants escaped from the FARC, they were arrested, extradited to the United States, and charged with taking hostages and conspiring to take hostages, in violation of 18 U.S.C. § 1203.

Following an evidentiary hearing, the district court denied defendants' motion to present duress as an affirmative defense at trial. Ortiz, Rengifo, and Dogirama thereafter agreed to a bench trial on stipulated facts. They were convicted on both counts and sentenced principally to terms of imprisonment of 204 months, 180 months, and 120 months, respectively. On appeal, defendants challenge the district court's order denying their motions to present an affirmative defense; in addition, Rengifo and Ortiz challenge their respective sentences. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's denial of a motion to present an affirmative defense. See, e.g., United States v. Markle, 628 F.3d 58, 62 (2d Cir. 2010). After an independent review of the record, we conclude that the district court, for substantially the reasons set forth in its detailed memorandum decision, correctly concluded that defendants had

-3-

failed to make the requisite prima facie showing of the elements of a duress defense. See United States v. Mora Pestana, 865 F. Supp. 2d 357 (S.D.N.Y. 2011); see also United States v. Gonzalez, 407 F.3d 118, 122 (2d Cir. 2005) (elements of duress defense).

Rengifo and Ortiz also challenge the procedural and substantive reasonableness of their respective sentences.[1] Our reasonableness assessment applies "a particularly deferential form of abuse-of-discretion review," United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc), and we conclude these arguments fail.

First, although Ortiz claims the district court erred by finding that he committed a felony that "was intended to promote[] a federal crime of terrorism," U.S.S.G. § 3A1.4(a), resulting in a sentencing enhancement, substantial evidence supported the district court's finding. This included evidence that Ortiz (1) knew of the FARC's role as a political and military organization seeking to overthrow the Colombian government; (2) was in charge of twelve other FARC soldiers and setting the guard-duty schedule; (3) guarded the hostage; (4) threatened to kill the hostage if he tried to escape; and (5) knew that hostage ransoms were used to finance the FARC's

---

[1] Dogirama does not challenge his sentence.

activities. Hence, the district court did not clearly err by finding that Ortiz acted "for the broader purpose of furthering terrorist activity."

Second, the district court thoroughly assessed the 18 U.S.C. § 3553(a) factors, as to both Rengifo and Ortiz separately. The district court considered the arguments presented by Rengifo and the government before imposing "the most merciful sentence" it could impose for Rengifo -- 180 months' imprisonment. Likewise, the court weighed Ortiz's role as the leader among the three co-appellants and the "horrendous difficulties" and "heartbreaking" aspects of his situation, but also the need to protect U.S. citizens abroad when it sentenced him to 204 months' imprisonment. Both of these sentences fell well below the life sentences contemplated by the Guidelines,[2] were less than the 210-month sentence recommended by their respective presentence reports, and reflected the district court's careful consideration of the 3553(a) factors.

Moreover, although Rengifo and Ortiz contend that the district court should have departed on the basis of duress, the record clearly indicated that the district court, in its

---

[2] Notwithstanding the Guidelines range of life imprisonment applicable to both Rengifo and Ortiz, neither defendant would have been sentenced to life in accordance with the extradition agreement between Colombia and the United States.

sentencing discretion, believed that the issue of duress would be "so much more easily dealt with in terms of the overall picture than in terms of the guidelines," i.e., as a variance from the Guidelines range.  Sent. Tr. 21:23-24 (Oct. 24, 2011). As neither defendant has presented "clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority," the district court's decision not to grant a downward departure is not appealable.  United States v. Clark, 128 F.3d 122, 124 (2d Cir. 1997) (citation and internal quotation marks omitted).  Hence, reviewing their arguments as a whole, we conclude that the district court did not procedurally err when sentencing Rengifo and Ortiz.

Finally, to the extent Ortiz and Rengifo argue that their sentences were substantively unreasonable, those arguments also fail.  We "'set aside a district court's substantive determination only in exceptional cases,'" United States v. Gilliard, 671 F.3d 255, 260 (2d Cir. 2012) (quoting Cavera, 550 F.3d at 189), and we conclude that the sentences imposed on Ortiz and Rengifo were not "shockingly high . . . or otherwise unsupportable as a matter of law," United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).  Therefore, we affirm the district court's sentence on these grounds as well.

We have considered defendants' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgments of the district court.

>                          FOR THE COURT:
>                          Catherine O'Hagan Wolfe, Clerk